FILED

2022 Jul-08  PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>SOUTHERN DIVISION</u>

UNITED STATES OF AMERICA, )
                                    )

   v.                          ) N o .

                                      )

EUGENE WALKER, JR.        )

### PLEA AGREEMENT

The Government and defendant, **EUGENE WALKER, JR.,** hereby acknowledge the following plea agreement in this case:

### <u>PLEA</u>

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Information filed in the above numbered and captioned matter, (ii) pay restitution to the victim in an amount to be determined by the Court at the time of sentencing, and (iii) consent to an order of forfeiture in an amount of at least $83,636, with the full amount to be determined by the Court at the time of sentencing. In exchange, the United States Attorney, acting on behalf of the government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

1

Defendant's Initials _E.W._

## TERMS OF THE AGREEMENT

### I.   MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Theft of Government Property, in violation of Title 18, United States Code, Section 641, as charged in Count One is:

a.   Imprisonment for not more than 10 years;

b.   A fine of not more than $250,000.00, or;

c.   Both (a and b);

d.   Supervised release of not more than three years; and

e.   Special Assessment Fee of $100 per count.

### II.   FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

Between February 2012 and November 2020, Eugene Walker Jr. defrauded the Social Security Administration (SSA) by receiving and converting to his personal use Social Security and Supplemental Security Insurance program benefits to which he was not entitled. Social Security Administration and Supplemental Security Income beneficiary Brenda Walker died in January 2012. Her benefits continued to be paid after her death until November 2020. Her brother, Eugene

2                    Defendant's Initials _E.W._

Walker Jr., received and converted the benefits totaling $80,636 to his personal use.

In furtherance of his scheme, Eugene Walker, Jr. purported to be Brenda Walker for years after her death and took several affirmative steps to continue the payment and conversion of his deceased sister's benefits. Specifically, Eugene Walker, Jr. mailed a handwritten letter dated July 15, 2019, purporting to bear the signature of his deceased sister requesting that her benefit payments continue while an appeal was processed. Eugene Walker, Jr. submitted a Claimant's Recent Medical Treatment form (Form MA-4631) claiming Brenda Walker received medical treatment on March 21, 2019. In April, Eugene Walker, Jr. filed two separate Acknowledge of Receipt (Notice of Hearing) forms explaining that Brenda Walker could not attend Social Security eligibility hearings because she had tested positive for Coronavirus. Each form contained a handwritten justification for why Brenda Walker could not attend the scheduled hearings, and each bore her purported signature.

The parties stipulate that the total loss amount is greater than $40,000 and less than $95,000. The parties further stipulate that venue is appropriate in the Northern District of Alabama.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the**

3                        Defendant's Initials _E. W_

**defendant's sentence.  The defendant further acknowledges that these facts do not constitute all the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_Eugene Walker Jr_
_____
**EUGENE WALKER, JR.**

## III.  RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the Government, will recommend the following disposition:

(a)   The government will recommend a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one (1) level decrease in recognition of the defendant's prompt acceptance of personal responsibility for the defendant's conduct. The government may oppose any adjustment for acceptance of responsibility if the defendant (1) fails to admit to each and every item in the factual basis; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the plea of guilty for any reason other than those expressly enumerated in the Waiver of Right to Appeal and Post-Conviction Relief section of this plea agreement;

4          Defendant's Initials _EW_

(b)     The government will recommend that the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the United States Sentencing Guideline range as determined by the court on the date the sentence is pronounced;

(c)     The government will recommend that following the term of imprisonment imposed by the court, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3.

(d)     The government will recommend that the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid, in accordance with his ability to pay, in full by the expiration of the term of supervised release;

(e)     The government will recommend that the defendant be required to pay restitution as ordered by the court on the date sentence is pronounced;

(f)     The defendant agrees to the entry of an order of forfeiture in an amount of at least $83,636, with the full amount to be determined at the time of sentencing; and

(g)     The government will recommend that the defendant pay a special assessment fee of $100.00, said amount due and owing as of the date sentence is pronounced.

## IV.    WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I,**

5                              Defendant's Initials _E.W._

EUGENE WALKER, JR., hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute to which I am pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of the statute.

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

(a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b)    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

(c)    Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, he discussed the *United States Sentencing Guidelines* and their application to the defendant's case with his attorney, who explained them to the defendant's

6                                Defendant's Initials  EW

satisfaction. **The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.**

**I, EUGENE WALKER, JR., hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

_Eugene Walker Jr_
**EUGENE WALKER, JR.**

## V.    UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.    AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the

7                                    Defendant's Initials _EW_.

Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.  VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII.  SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United**

8                      Defendant's Initials F.W

States Attorney in his sole discretion.

## IX.   OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X.   COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above

9                           Defendant's Initials E.W.

facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts, should there be any.

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s)

10                                          Defendant's Initials _E.W._

to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is his automatic removal from the United States.

## XIII. FORFEITURE

Defendant **EUGENE WALKER, JR.** agrees to consent to the entry of a final forfeiture money judgment against him pursuant to Fed. R. Crim. P. 32.2(b)(1), in the amount of at least $83,636, with the full amount to be determined by the Court at sentencing, which represents the value of the proceeds associated with the offense alleged in **COUNT ONE** of the Information and to which he is indicating his desire to plead guilty by way of this written Plea Agreement.

For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said amount and the criminal offense to which the defendant is pleading guilty. The defendant further acknowledges that the government is authorized under law to seek the forfeiture of any and all assets of the defendant as substitute assets for the purpose of satisfying the forfeiture judgment until the same is satisfied in full.

11                    Defendant's Initials _EW_

The defendant agrees to waive any Double Jeopardy challenges that he may have to the entry of a Forfeiture Order before sentencing. The defendant agrees to waive any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Information and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

The defendant hereby waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes double jeopardy, or any excessive fine or punishment.

## XIV. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of fifteen (15) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial,

12                                    Defendant's Initials _E W_

to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here (Write "N/A" if none):

N/A

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all the provisions of this Agreement, both individually and as a total binding agreement.

07-5-2022
DATE

Eugene Walker Jr.
**EUGENE WALKER, JR.**
**Defendant**

13                          Defendant's Initials *EW*

## XV. <u>COUNSEL'S ACKNOWLEDGMENT</u>

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.   My client has conveyed to me that my client understands this Agreement and consents to all its terms.   I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.   I concur in the entry of the plea on the terms and conditions set forth herein.

7/5/22
_____
DATE

_____
JOHN COCKRELL
**Defendant's Counsel**

## XVI. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

**PRIM F. ESCALONA**
**United States Attorney**

7/7/2022
DATE

**JONATHAN "JACK" HARRINGTON**
**Assistant United States Attorney**

Defendant's Initials EW