FILED
2025 Sep-03  PM 12:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | Case No.:  **2:22-cr-226-MHH-NAD** |
| | } | |
| **EUGENE WALKER, JR.,** | } | |
| | } | |
| **Defendant.** | } | |
| | } | |

## *<u>CORRECTED ORDER</u>

Eugene Walker has filed a *pro se* request for early termination of his probation sentence and a supplement to his request.  (Docs. 33, 35).  In 2022, Mr. Walker pleaded guilty to theft of government property, and in March 2023, the Court sentenced him to 36 months of probation.  (Docs. 2, 22).[1]  In June 2024, Mr. Walker's probation officer filed a petition to revoke Mr. Walker's probation based on several alleged probation violations, (Doc. 24).  The Court accepted the parties' arrangement to transfer Mr. Walker's supervision to the District of Minnesota and did not revoke Mr. Walker's probation.  (Doc. 32).

The United States, after consultation with Mr. Walker's supervising

---

[1]  District Judge Karon Bowdre presided over Mr. Walker's plea and sentencing hearings.  (Doc. 22; Sept. 20, 2022 minute entry).  Upon Judge Bowdre's retirement, the Clerk of Court randomly reassigned the case to the undersigned.  (Jun. 3, 2024 minute entry).
**\*CORRECTED -  page 3, date of order**

probations officers in this district and in the District of Minnesota, opposes early termination of Mr. Walker's probation.  (Doc. 39).  The United States argues that the Court should not terminate Mr. Walker's probation early because Mr. Walker has a history of non-compliance while on probation, has not followed through with mental health treatment as directed by his supervising officer, and still owes $80,143.58 towards his restitution obligation as of the date of the United States' filing.  (Doc. 39, pp. 1-2).

Pursuant to 18 U.S.C. § 3564(c), a district court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony" if the district court "is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).  Because Mr. Walker has not complied with mental health treatment as directed by his supervising officer and because he owes a substantial amount of restitution, neither Mr. Walker's conduct nor the interests of justice permit early termination of his probation.  Therefore, the Court denies Mr. Walker's request to terminate his probation early.

The Clerk of Court shall please TERM Doc. 33 and mail a copy of this order to Mr. Walker at his address in his filing.  Should circumstances change, Mr. Walker

may refile his motion for early termination.

       **DONE** and **ORDERED** this April 25, 2025.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE